**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2589
_____

AMILCAR MENJIVAR UMANA,
a/k/a Amilcar Umana

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A094-392-402)
Immigration Judge: Kuyomars Q. Golparvar
_____

Argued on May 27, 2021
_____

Before: MCKEE, RESTREPO, and FUENTES, *Circuit Judges*.

(Filed: July 26, 2021)

Alyssa M. Kane **[ARGUED]**
ALDEA – THE PEOPLE'S JUSTICE CENTER
532 Walnut Street
Reading, PA 19601
    *Counsel for Petitioner Amilcar Antonio Menjivar-Umana*

John V. Coghlan
Stephen J. Flynn
Ann M Welhaf **[ARGUED]**
Civil Division, Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
    *Counsel for Respondent Attorney General United States of America*

_____

OPINION[*]

_____

FUENTES, *Circuit Judge*.

Amilcar Menjivar Umana petitions for review of a decision of the Board of Immigration Appeals affirming an Immigration Judge's denial of his requests for statutory withholding of removal and protection under the Convention Against Torture. Due to intervening changes in applicable immigration cases by the Attorney General, we will vacate the Board's prior decision and remand this case for further proceedings.

Menjivar Umana is a 42-year-old Salvadoran citizen who first came to this country in 2000. He maintained temporary protected status for more than a decade, but lost it following a number of arrests for driving under the influence, and was first removed to El Salvador in 2013. He subsequently returned to this country and was deported on two other occasions, but later reentered unlawfully in May 2015. He was later detained, and a prior removal order against him was reinstated. He sought relief from this order in the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

form of withholding of removal[1] and withholding under the Convention Against Torture.[2] Menjivar Umana claimed that if he were again removed to El Salvador, he would be targeted by gang members who had previously tried to extort money from him. As additional support for his claims, he testified that gang members had later severely beaten his brother and may have been responsible for the murder of his father. He believed they may do similar things to him if he were removed.

An immigration judge denied relief. In addition to finding that Menjivar Umana had not suffered past persecution and had failed to establish a clear probability of future persecution, it also concluded that his two proposed "particular social groups" were not cognizable under then-governing law.[3] Relying in part on *Matter of L-E-A-*, the Immigration Judge found that one proposed particular social group, immediate family members of his father, was insufficiently socially distinct in Salvadoran society.[4] It also found that under *Matter of A-B-*, Menjivar Umana could not show a nexus, or link, between the harm he alleged gang members might inflict on him and his membership in a

---

[1] 8 U.S.C. § 1231(b)(3)(A).

[2] 8 C.F.R. § 1208.16(c)(1)–(4).

[3] To be cognizable, a "particular social group," within the meaning of 8 U.S.C. § 1231(b)(3)(A) must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *S.E.R.L. v. Att'y Gen. United States of Am.*, 894 F.3d 535, 547 (3d Cir. 2018) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

[4] 27 I. & N. Dec. 581 (A.G. 2019); App. 104.

particular social group.[5]  As to his claim under the Convention Against Torture, the

Immigration Judge found that Menjivar Umana had not demonstrated that it was more

likely than not he would tortured by or with the acquiescence of a public official, if

returned to El Salvador.  The Board of Immigration Appeals dismissed Menjivar

Umana's appeal, affirming the Immigration Judge's factual findings and legal reasoning.

This petition for review followed.[6]

While the petition was pending, the Attorney General vacated both *Matter of*

*L- E-A-*[7] and *Matter of A-B-*.[8]  In each case, the Attorney General vacated the prior

decision pending an anticipated rulemaking, and held that while the rulemaking was

ongoing, the preexisting law before each decision should control.[9]

In assessing Menjivar Umana's claims for relief, both the Immigration Judge and

the Board expressly relied on these since-vacated decisions.[10]  As is to be expected,

neither the Board nor the Immigration Judge reached any conclusion under the standards

now articulated by the Attorney General, thus leaving this Court without a decision under

the governing framework.  Appellate courts are "not generally empowered to conduct a

---

[5] 27 I. & N. Dec. 316, 338-39 (A.G. 2018); App. 105.
[6] We have jurisdiction under 8 U.S.C. § 1252.
[7] 28 I. & N. Dec. 304, 305 (A.G. 2021).
[8] 28 I. & N. Dec. 307, 309 (A.G. 2021).
[9] *L-E-A-*, 28 I. & N. Dec. at 305; *A-B-*, 28 I. & N. Dec. at  309.
[10] *See, e.g.*, App. 5, 6 (Board of Immigration Appeals); App. 102, 104, 105-6
(Immigration Judge).

4

*de novo* inquiry into the matter being reviewed," and therefore where such an inquiry may be necessary, the preferred course is to remand to the agency for additional consideration.[11]  We will do so here.

As neither the Board nor the Immigration Judge had an opportunity to consider his claims under the now-governing standards articulated by the Attorney General, we will grant the petition for review, vacate the Board's decision, and remand with instructions to evaluate Menjivar Umana's claims in light of the Attorney General's recent determinations.

---

[11] *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (quoting *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)).